IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-1008-WDM-PAC

THOMAS J. CASSADY,

      Plaintiff,

v.

STEVEN E. GOERING, individually and as Sheriff of Kit Carson County, Colorado; and
WILLIS E. BODEN, individually and as Deputy Sheriff of Kit Carson County, Colorado,

      Defendants.

---

## ORDER ON MOTION FOR RECONSIDERATION

---

Miller, J.

     This case is before me on plaintiff Thomas J. Cassady's motion asking that I

reconsider my summary judgment order, issued July 21, 2005.  I have considered the

parties' written arguments and find that oral argument is not required.  For the reasons

that follow, the motion will be denied.

     In my July 2005 order, I granted Defendants' motion for summary judgment in

part to dismiss Cassady's third, fourth, seventh, and eighth claims.  I also dismissed his

first claim to the extent it relied on allegations that his arrest and the warrant

authorizing a search of his property were not supported by probable cause.  Cassady

now contends my ruling on the probable cause issue was in error because I failed to

recognize that his expert witness's report created a disputed fact concerning whether

the complaining witness was telling the truth and because Defendants failed to

determine whether the complaining witness had a reasonable basis to know that the

plants which he allegedly saw on Cassady's property were marijuana.  In his reply to

Defendants' response, Cassady raises for the first time the allegation that Defendant

Steven Goering obstructed justice and abused the judicial process in connection with

his deposition testimony about reports generated concerning Cassady's arrest.  I will

address these arguments in turn.

The Federal Rules of Civil Procedure do not recognize a motion for

reconsideration.  Because no judgment has entered in this case, Cassady's motion

must be construed as a motion for relief from my order pursuant to Fed. R. Civ. P.

60(b).  *See Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (motion for

reconsideration should be construed either as motion to alter or amend a judgment

pursuant to Rule 59(e) or as Rule 60(b) motion for relief from judgment).  Rule 60(b),

however, is "not available to allow a party merely to reargue an issue previously

addressed by the court when the reargument merely advances new arguments or

supporting facts which were available for presentation at the time of the original

argument." *FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)

(quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 577 (10th Cir. 1996)).  All three

issues raised by Cassady were, or could have been, presented in his response to the

Defendants' motion for summary judgment and therefore, although discussed below,

are not proper grounds for relief from my summary judgment order.

Cassady first asserts that his expert witness's report, which sets forth the opinion

that Cassady's arrest was not supported by probable cause, raised "a fact question of

the jury regarding the presence of special circumstances suggesting that [the

complaining witness] was not telling the truth."  Motion for Reconsideration, at 3.

Contrary to Cassady's false assumption and argument, I did review Exhibit N,

Cassady's expert's report, and I did address the question of whether there were

circumstances that required that the Defendants treat the complaining witness's

complaint with caution or skepticism.  July 2005 Order, at 10.  Further, I expressly

found that the information Defendants had prior to Cassady's arrest was not disputed

and I discussed the same facts set forth in the expert report.  *Id.* at 9-11.  Based upon

this evidence, I reached the legal conclusion, with which Cassady's expert disagrees,

that a reasonable officer could have believed probable cause existed for Cassady's

arrest.

Cassady's stretch to convert a legal opinion on probable cause, based upon

uncontested facts, into a factual dispute to avoid summary judgment is particularly

egregious given the rule prohibiting an expert witness from testifying as to ultimate

legal conclusions.  *Specht v. Jensen*, 853 F.2d 805, 807-809 (10th Cir. 1988)

(admission of legal expert's opinion that defendants' conduct violated the law was

reversible error).

Cassady's second argument is that Defendants should have assessed the basis

for the complaining witness's claim that he saw marijuana on Cassady's property.  He

cites to 2 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment

§ 3.4(b), at 245 (4th ed. 2004), and cases cited therein.  The complaining witness's

statement to Defendant Boden that he knew what marijuana looked like because he

had seen pictures of it may not rise to the level of the showings set forth in the cases

3

relied on, but it was sufficient (particularly given the fact that pictures of marijuana are not rare) to permit Defendants to rely on his information. *Cf. United States v. House*, 604 F.2d 1135, 1141-42 (8th Cir. 1979) (information from informant sufficient to establish probable cause were informant had proven reliable in past despite lack of assertion concerning information about subject matter of previous tips or about how informant identified the drugs).

Cassady raises for the first time in his reply the issue of Goering's alleged perjury in his deposition as grounds for vacating my summary judgment order and allowing all of Cassady's claims to proceed to trial.  Not only could this argument have been raised in his response to the summary judgment motion,[1] but it was not presented in Cassady's motion for reconsideration and was thus waived.  *Ward v. Utah*, 389 F.3d 1293, 1246 (10th Cir. 2005) (arguments first raised in a reply brief are waived).

Defendants have filed a motion to strike the references to obstruction of justice. Because I will deny the motion for reconsideration on all grounds, the motion to strike is mooted in part.  I will deny the motion as moot but permit the parties to address the need for a hearing on the issue of the alleged perjury at the trial preparation conference scheduled for February 1, 2006.

Accordingly it is ordered:

1.      The motion for reconsideration, filed August 9, 2005, is denied.

---

[1]      The deposition at issue occurred in January 2004.  Cassady filed his response to the motion for summary judgment in August 2004.

2.      The motion to strike references, filed September 26, 2005, is denied as moot

without prejudice to a renewed request for a hearing on the issue of obstruction

of justice by defendant Goering.

DATED at Denver, Colorado, on January 31, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge