IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-01008-WDM-MEH

THOMAS J. CASSADY,

    Plaintiff,

v.

STEVEN E. GOERING, et al.,

    Defendants.

---

**ORDER**

---

This matter is before me on each party's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50.  Defendants made their first motion at the close of plaintiff's case and all parties moved for judgment at the close of all testimony.

Defendants' motions repeat their argument that, given my conclusion that probable cause existed for a search warrant to issue, I may cure the warrant's overbreadth by severing those portions of the warrant which are otherwise described with sufficient particularly.  With regard to the trespass claim, Defendants argue that with such curative measures would render the entry lawful and defeat any claim of willful and wanton conduct on the part of the Defendants.  They also claim the trial judge's judgment to issue the warrant provided a good faith defense as well as an intervening cause.  Similarly, with regard to the outrageous conduct claims, defendants

argue that good faith actions believed to be supported by a search warrant are not the type of conduct utterly intolerable in a civilized society.

For the reasons stated in my summary judgment order and on the record in response to defendants' repeated motions, I have concluded pursuant to *United States v. Naugle*, 997 F.2d 819 (10th Cir. 1993), that the severability doctrine is not applicable to the circumstances of this case. The valid portions of the warrant directed to the particular search of the locked building were not sufficiently particularized, they were not sufficiently distinguishable from the invalid portions of the overly broad warrant and they did not make up the greater part of the warrant. *Id.* at 822. Accordingly, I conclude that there is a legally sufficient evidentiary basis for a reasonable jury to find for the plaintiff on his civil rights claim and defendants' motions should be denied.

With regard to the trespass claim, I likewise conclude that there was sufficient evidence for a reasonable jury to conclude that the defendant Goering trespassed in accordance with the instructions.

With regard to the defendant Boden and the outrageous conduct claims, the motions have been mooted by the jury's verdict.

As to the plaintiff's motion that judgment enter in his favor as a matter of law on the civil rights claim, I conclude that a reasonable jury could find in favor of a defendant on the civil rights claim even though the search was conducted pursuant to an invalid warrant. For example, the jury may well have concluded that the defendant's particular conduct did not cause the plaintiff any damage and is therefore not liable. Given the jury's verdict against defendant Goering, plaintiff's motion for a directed verdict of

liability against the defendant Goering has become moot as to both claims.

It is therefore ordered as follows:

1. The defendants' motions for judgment as a matter of law are denied;

2. Plaintiff's motion for judgment as a matter of law or direction of a verdict is denied; and

3. Judgment shall enter in accordance with the jury's verdict.  Plaintiff may have his costs against defendant Goering and defendant Boden may have his costs against plaintiff.

DATED at Denver, Colorado, on February 23, 2006.

BY THE COURT:

s/ Walker D. Miller
United States District Judge