IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 03-cv-01008-WDM-PAC

THOMAS J. CASSADY,

      Plaintiff,

v.

STEVEN E. GOERING, et al.,

      Defendants.

_____

**AMENDED ORDER**
_____

     This matter is before me on the following multiple post-trial motions filed by the

parties:

     1.  Plaintiff's Motion for a New Trial (Doc. No. 214);

     2.  Plaintiff's Motion for Judgment After Trial, or in the Alternative, for a New Trial

(Doc. No. 215);

     3.  Plaintiff's Motion for Attorney Fees and Costs (Doc. No. 217);

     4.  Defendants' Motion for Attorney Fees (Doc. No. 220);

     5.  Defendant Goering's Rule 50(b) Motion for Judgment as a Matter of Law and

Renewed Motion Based Upon Qualified Immunity (Doc. No. 221);

     6.  Defendants' Motion to Supplement Motion for Attorney Fees (Doc. No. 225);

     7.  Plaintiff's Motion to Review Clerk's Taxation of Costs (Doc. No. 234);

     8.  Defendants' Motion to File for Leave to File Amended Bill of Costs (Doc.

235); and

9.  Motion for Oral Argument (Doc. No 254).

These motions are the consequence of a jury verdict following a week-long trial

concluding in plaintiff's favor and against defendant Goering that defendant Goering

had violated plaintiff's right to be free from unreasonable search and seizure and that

defendant Goering had trespassed on plaintiff's property.  The jury awarded actual

damages of $3,000 and punitive damages of $3,500 against defendant Goering.  The

jury found in favor of both defendants and against plaintiff on his claim of outrageous

conduct.  Finally, the jury found in defendant Boden's favor and against plaintiff on all

of plaintiff's claims against defendant Boden.

I will first address the cross-motions for judgment as a matter of law and begin

with defendants' motion.  Defendants' initial argument is that the search was lawful

because if a suppression hearing had been held and the issues appropriately

presented the search warrant could have somehow been recast to be lawful and

matters seized pursuant to that reformed document not violative of plaintiff's rights.

This is the same argument in yet another version that defendants have repeatedly

made.  For the reasons stated in my July 21, 2005 summary judgment order (Doc. No.

130), on the record prior to trial and in my February 23, 2006 order (Doc. No. 212) this

argument is rejected and I further conclude that a reasonable jury could find for the

plaintiff on his civil rights and trespass claims against defendant Goering.

Defendants' next argument is to again assert qualified immunity.  For the

reasons stated in my summary judgment order, the law was clearly established in this

2

circuit that such an overly broad warrant was unconstitutional and defendant Goering is not entitled to qualified immunity.  Accordingly, I conclude there was a legally sufficient evidentiary basis for a reasonable jury to find for the jury on his civil rights claim against defendant Goering.

With regard to the jury's verdict on trespass, defendant focuses on a claimed insufficient evidence of willful and wanton conduct, particularly in comparison to the verdict in favor of his co-defendant, Deputy Boden.  As was determined prior to trial, Colorado law provides public employees like defendants immunity from tort liability such as trespass unless the defendant's action was willful and wanton.  Colo. Rev. Stat. § 24-10-118(2)(a).  Accordingly, the jury was instructed that to find a defendant liable on the trespass claim plaintiff must prove that the particular defendant's acts or omissions were willful and wanton.  *See* Instruction No. 4.  Further, Instruction No. 15 defined willful and wanton in accordance with Colorado law.  *See* CJI 4th, 9:30.

The facts presented to the jury included an overly broad search warrant, damage done to plaintiff's property beyond that necessary to take possession of marijuana plants, damage to areas that were not involved in the marijuana grow and a tolerance by defendant Goering of individuals' access to plaintiff's property while defendant Goering was the supervising law enforcement officer on the premises.  A reasonable jury could conclude that defendant Goering must have realized this conduct was dangerous to plaintiff's property but he nevertheless allowed it to proceed, recklessly, without regard to plaintiff rights.

With regard to defendants' argument that suggests an inconsistent verdict when

3

comparing defendant Boden's involvement, I find that the jury may well have concluded that Boden's conduct did not cause the damage or that defendant Boden and not defendant Goering was entitled to the affirmative defense of good faith because he relied on the supervision or direction of defendant Goering and mistakenly believed he was performing public duties.  *See* Instruction No. 17.

Finally, defendant argues that there was insufficient evidence for the jury to award punitive damages.  With regard to the punitive damage award for the unreasonable search and seizure, the standard for liability is the same willful and wanton misconduct.  For the reasons stated, I find that a reasonable jury could so conclude.

With regard to punitive damages as a result of trespass, the instructions require the jury to find that plaintiff has proved defendant acted in a willful and wanton manner beyond a reasonable doubt.  For the reasons discussed above, I again find that a reasonable jury could so conclude.

In sum, therefore, I conclude that the defendant Goering's motion (Doc. No. 221) should be denied.

Turning to plaintiff's substantive motions, I will first address plaintiff's Motion for Judgment as a Matter of Law (Doc. No. 215).  This motion's focus is on the jury verdicts in defendant Boden's favor on plaintiff's claims of unreasonable search and trespass.[1] Pursuant to Rule 50(b), plaintiff recasts his argument that he is entitled judgment as a

---

[1] Plaintiff does not challenge the jury verdicts in both defendants' favor on the outrageous conduct claims.

4

matter of law because I had concluded the warrant was unconstitutionally broad, there was no dispute that Boden was acting under color of state law and his actions must have caused the alleged damage.  Plaintiff seeks to buttress this argument by claiming there was "no logical way" for the jury to find defendant Goering liable but not Boden. As I have previously ruled, I disagree.  The jury could reasonably find that the defendant was not liable even though the search was conducted pursuant to an unlawful warrant.  For example, the jury may well have concluded that defendant's acts or omissions did not cause the damage found and was therefore not liable pursuant to Instruction No. 2.

Plaintiff also separately argues for a new trial because the verdicts were allegedly inconsistent and incapable of rational reconciliation.  When such a claim is made I must first attempt to harmonize the verdicts if the jury's answers to special verdicts can be made consistent under a fair reading.  *See Gallick* v. Baltimore & Ohio R.R.Co*., 372 U.S. 108, 119 (1963); *Atlantic & Gulf Stevedores, Inc. v.  Ellerman Lines, Ltd.*, 369 U.S. 355, 364 (1962).  I also note that plaintiff did not object to the consistency of the verdict before the jury was discharged after I asked the parties if the jury could be discharged.  As a consequence, plaintiff has waived objections on the ground of inconsistency unless the verdict is inconsistent on its face so that judgment would be plain error.  *Oja v. Howmedica, Inc.*, 111 F.3d 782, 790 (10th Cir. 1997).  As previously stated, I conclude that the verdicts can be harmonized and they are not inconsistent on their face.  Accordingly, plaintiff's motion should be denied.

Plaintiff's Motion for New Trial (Doc. No. 214) appears to be based upon the

ground that the damage verdict of $3,000 was against the weight of the evidence and jury bias as a result of evidence and argument made concerning plaintiff's marijuana plants and his avoidance of criminal prosecution.  In particular, plaintiff argues that there was specific testimony of out-of-pocket expenses and time spent in making repairs approaching $60,000 which was not controverted by any other testimony. Plaintiff argues that the $3,000 is so inadequate as to shock judicial conscious and justify a new trial.  *See Barnes v. Smith*, 305 F.2nd 226, 228 (10th Cir. 1962).  Plaintiff also argues that the low damage award was a product of jury compromise to arrive at a verdict.  Such a compromise verdict is itself a ground for a new trial.  *Shugart v. Central Rural Electric Co-op,* 110 F.3d 1501, 1505 (10th Cir. 1997).

Defendant acknowledges that the damages awarded appear to have nothing to do with the costs to repair but urges that it should nevertheless be within the jury's discretion to not award damages based upon the cost to rebuild an illegal marijuana operation.  Defendant also speculates that the damages may have been for psychological injury.  With regard to the alleged bias, defendant argues that reference to the marijuana plants was permissible given the nature of the case and it anything I unduly restricted defendants' topical questions.  As to defendants' closing argument that plaintiff obtained relief from the illegal search warrant by avoiding criminal punishment, defendant argues that it was a permissible consideration and in any case plaintiff did not object.  That is incorrect as plaintiff did object but I overruled the objection.

In deciding this matter I do note that the jury found defendant Goering liable on

6

both the unreasonable search claim and trespass.  In such event, the jury was

instructed that in awarding damages it should consider the reasonable cost to repair

plaintiff's property and the reasonable value of property lost or destroyed.  (Instruction

No. 22).  Specifically with regard to trespass, the jury was to consider the following in

determining damages: "1.  The reasonable cost of restoring and repairing the property;

and 2.  The value of the property lost as a consequence of defendant's trespass."

(Instruction No 24).

The actual damage award of $3,000 is strange, given the evidence of actual

costs to repair or replace the demonstrated damage to the property.  *See* Exhibit 9.

Plaintiff appears to argue that the verdict is against the clear weight of the evidence

which can be a basis for new trial, although the standard to be applied is somewhat

unclear.  *See* 12 Moore's Federal Practice, § 59.13(2)(f)(iii)(AB) (3d Ed. 2005).

Certainly, I am not to substitute my judgment for that of the jury and I should recognize

that the standard is less than that for a motion for judgment as a matter of law.  *See*

*Tidewater Oil Company v. Waller*, 306 F.2d 638, 643 (10th Cir. 1962).  I do view the

damage verdict as inconsistent with the weight of the evidence, particularly given the

finding of liability.  There was evidence of extensive damage.  However, considering

that causation was at issue (*See* Instruction No. 16) and other non-parties were

involved in the search, it may be that new trial would not be justified on the evidentiary

basis alone.

Plaintiff also argues that new trial should be granted on the basis of jury

compromise.  A grossly inadequate damage award which is the product of jury

compromise is a basis for a new trial. *Skinner v. Total Petroleum, Inc,* 859 F.2d 1439, 1445 (10th Cir. 1988). I should consider several factors in determining whether a verdict is the result of a jury compromise. A compromise verdict occurs when "the jury, unable to agree on liability, compromises that disagreement and enters a low award of damages." *National R.R. Passenger Corp. v. Coke Indus., Inc.* 701 F.2d 108, 110 (10th Cir. 1983). "To determine whether a verdict is a compromise . . . a court looks for a close question of liability, a damages award that is grossly inadequate, and other circumstances such as length of jury deliberation." *Id.*

Virtually all of these factors come into play. There is a close question of liability as evidenced by the split verdict. Given the overly broad warrant, several issues needed be resolved to determine liability. The damage award here appears inadequate, given the fairly extensive damage to the facilities as testified at trial. With regard to the circumstances of the jury deliberations, I note that the jury had been previously instructed by me that they should cease deliberations by 4:45 p.m. in order to clear the courthouse for security purposes. After a week of trial, the case was submitted to them at 11:10 a.m. on Friday and the verdict was announced at 4:45 p.m., the very last minute of the court's deadline. These circumstances suggest a compromise verdict in order to be done by the weekend and not required to return for further deliberations the following week. I conclude that the jury arrived at a compromise verdict in order to resolve a difficult case and avoid the necessity of returning to service the following week. Accordingly, new trial should be ordered.

Plaintiff requests a partial new trial, that is, a new trial on damages only. Such

an order is appropriate where the damage issue is sufficiently distinct from the liability

issue.  Where, however, the jury appears to have made a compromised verdict

because of difficulties with the liability issue, I should grant a new trial on liability and

damages.  *See* 12 Moore's Federal Practice, § 59.14[1](3d Ed. 2005).

Given this ruling for a new trial, plaintiff's Motion for Attorney's Fees and Costs

(Doc. No. 217) and Motion to Review Clerk's Taxation of Costs (Doc. No. 234) should

be denied without prejudice as premature.  Motion for Oral Argument should be denied

as moot.

On the other hand, defendants' motions for attorney's fees and costs need to be

addressed.  Defendants claim a fee entitlement based upon a Colorado fee shifting

statute that awards public employee defendants their attorney fees when the plaintiff

fails to prove they were guilty of willful and wanton acts or omissions.  Colo. Rev. Stat.

§ 24-10-110(5)(c).  This entitlement is limited to the state law claims and does not apply

to the Section 1983 claim for the unreasonable search and seizure.  *See Haynes v. City*

*of Gunnison*, 214 F.Supp. 2nd 1119, 122 (D.C.Colo. 2002); *Meier v. McCoy*, 119 P.3d

519, 526-7 (Colo. App. 2005).  Indeed, to serve the purpose of encouraging the pursuit

of civil rights, prevailing defendants in § 1983 actions should recover only if plaintiff's

claim is shown to be frivolous, unreasonable or without foundation.  *See e.g. Cobb v.*

*Saturn Land Co.*, 966 F.2d 1334, 1338 (10th Cir. 1992).  Given my conclusion that the

search warrant was unlawful, plaintiff's § 1983 claims are not frivolous and cannot

provide a basis for attorney fee liability.

Turning to the state law claims, however, plaintiff did not prevail on his claim for

9

exemplary damages or trespass against defendant Boden and he is otherwise entitled to an award of "attorney fees against the plaintiff or the plaintiff's attorney, or both." Section 24-10-110(5)(c).

Even though the jury found against defendant Goering on his state law claim, defendant Goering still seeks attorney fees because the small amount of the exemplary damage award ($500) means that the plaintiff did not "substantially prevail on his claim" as required by the statute.  Given my granting of the new trial, I cannot decide this issue and the motion should be denied without prejudice with respect to defendant Goering.

Turning to defendant Boden's attorney fees submittals, they should be denied without more because of their failure to comply with the mandates of D.C.COLO.LCivR 54.3 and my Pretrial and Trial Procedures, § 7.  I observe further that the claimant has the burden of proving his entitlement to fees by a preponderance of the evidence. *Haynes v. City of Gunnison*, 214 F.Supp. 2nd at 1120.  The unsupported, conclusory allegation that all fees would have been spent on the one defendant who prevailed out of four distinct causes of action does not satisfy any burden of proof.  As submitted, defendant's motion should be denied without prejudice.

Defendant has also filed a motion for leave to file amended bill of costs seeking to include deposition transcript costs which the Clerk had awarded to the plaintiffs in this case.  I interpret defendant's motion to be pursuant to Fed. R. Civ. P. 54(d)(1) for review by me.  I agree with defendant that he may recover the $1,972.90 in transcript costs of depositions to be added to the $996.59 already awarded by the Clerk.

10

Accordingly, it is ordered:

1.  Plaintiff's motion for new trial (Doc. No. 214) is granted on plaintiff's § 1983 and trespass claims against defendant Goering;

2.  Plaintiff's motion for judgment after trial (Doc. No. 215) is denied;

3.  Plaintiff's motion for attorney fees (Doc. No. 217) is denied as moot;

4.  Defendants' motion for attorney fees (Doc. No. 220) is denied without prejudice;

5.  Defendants' motion for judgment as a matter of law (Doc. No. 221) is denied;

6.  Defendants' motion to supplement motion for attorney fees (Doc. No. 225) is granted;

7.  Plaintiff's motion to review costs (Doc. No. 234) is denied as moot;

8.  Defendants' motion for leave to file amended bill of costs (Doc. No. 235) is granted and the award of costs to defendant Boden is increased by $1,972.90 for a total of $2,969.49;

9.  Plaintiff's motion for hearing conference (Doc. No. 254) is denied as moot; and

10.  The parties shall contact chambers by February 28, 2007 to schedule a trial preparation conference and trial of plaintiff's remaining claims against defendant Goering.

DATED at Denver, Colorado, on February 16, 2007.

BY THE COURT:


s/ Walker D. Miller
United States District Judge